**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOSE BARRIOS,

        Plaintiff,

vs.                                                            Case No. 3:09-cv-975-J-32TEM

GINN-LA WEST END, LTD.,
GINN FINANCIAL SERVICES,
GINN DEVELOPMENT COMPANY, LLC,
ROBERT F. MASTERS II; and
EDWARD R. GINN, III,

        Defendants.

## ORDER

This case is before the Court on defendants Ginn-La West End, Ltd., Ginn Financial Services, Ginn Development Company, LLC, Robert F. Masters II, and Edward R. Ginn, III's (collectively, "Ginn Defendants") Motion to Dismiss Plaintiff's Complaint (Doc. 11). On September 22, 2009, Plaintiff, a Florida resident, filed a two-count Complaint and Demand for Jury Trial (Doc. 1) which asserts two separate claims under the Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701 et seq. ("ILSA"), against each of the Ginn Defendants. Plaintiff's claims arise from a contract to purchase an undeveloped parcel of property in the Versailles Sur Mer subdivision on Grand Bahama Island from Defendant Ginn-La West End, Ltd., a Bahamian corporation with its principal place of business in Florida. The Ginn Defendants seek dismissal of the Complaint for improper venue, arguing that Plaintiff's contract contains an enforceable forum-selection clause designating the Bahamas as the

exclusive venue for the instant litigation.[1] Alternatively, the Ginn Defendants argue that the Complaint fails to state a claim under ILSA. Because the venue issue is dispositive, the Court need not address the latter argument.

My colleague, the Honorable Marcia Morales Howard, recently addressed the identical forum selection clause at issue in this case and concluded that the provision was valid and enforceable. See Liles et al. v. Ginn-La West End, Ltd., et al., No. 3:08-cv-1217-MMH-JRK at 22 (M.D. Fla. March 30, 2010).[2] In so doing, Judge Howard addressed in detail – and rejected – the two arguments raised by Plaintiff against its application here: the applicability of the clause to non-signatories to the contract,[3] and the contention that the clause was the product of fraud, duress, or overreaching. Id. at 10, 22-24.[4] The

---

[1] On July 25, 2007, Plaintiff entered into a contract with defendant Ginn-La to purchase a lot in Versailles Sur Mer. Paragraph 22 of Plaintiff's contract designates the Bahamas as the exclusive venue for any legal action "concerning the interpretation, construction, validity, enforcement, performance of, or related in any way to, this Contract or any other agreement or instrument executed in connection with this Contract." (Doc. 1, Ex. A ¶ 22).

[2] The parties recognized the potential impact of Liles on the outcome of this case, and accordingly filed a joint motion on April 21, 2010 to reset case management deadlines pending this Court's decision on the Ginn Defendants' Motion to Dismiss. (Doc. 18).

[3] In Liles, as is the case here, Ginn-La was the only defendant signatory to the Versailles Sur Mer contracts. Despite this, the plaintiffs in Liles similarly brought claims against Ginn Financial Services, Robert F. Masters II (Ginn-La's President), and Edward R. Ginn, III (Ginn-La's Chairman); Judge Howard found all of these parties could invoke the forum selection clause through a theory of equitable estoppel. Id. at 24.

[4] In addition, Judge Howard noted in Liles that although the contracts at issue call for a Bahamian venue and the application of Bahamian law, "they also expressly invoke ILSA-based United States law and confer corresponding ILSA benefits and rights" on purchasers such as Plaintiff. Id. at 9. Thus, though the contract mandates a Bahamian forum, it does not deprive Plaintiff from litigating the merits of an ILSA claim in that forum.

undersigned agrees with and adopts Judge Howard's reasoning in Liles. Plaintiff has raised no additional arguments which would alter the analysis here. For the reasons stated in Liles, the Court finds that dismissal of the Complaint for improper venue is appropriate under Fed. R. Civ. P. 12(b)(3).

Accordingly, it is hereby

**ORDERED**:

1. Defendant Ginn-La West End, Ltd., Ginn Financial Services, Ginn Development Company, LLC, Robert F. Masters II, and Edward R. Ginn, III's Motion to Dismiss Plaintiff's Complaint (Doc. 11) is **GRANTED**.

2. Plaintiff's claims against the Ginn Defendants are dismissed without prejudice for improper venue pursuant to Rule 12(b)(3), Federal Rules of Civil Procedure.

3. The Clerk should close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 2nd day of June, 2010.

_____
TIMOTHY J. CORRIGAN
United States District Judge

jmm.

Copies:
counsel of record